Upon the agreed facts I find the export value, as defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for determining the values of said merchandise, and that such values are the appraised values, less additions made by importer on entry because of advances by the appraiser in similar cases.

Judgment will be entered accordingly.

H. Z. BERNSTEIN CO., INC. *v.* UNITED STATES

No. 6849.—Invoice dated London, England, November 29, 1945.
Certified December 1, 1945.
Entered at New York, N. Y., December 18, 1945.
Entry No. 728281.

(Decided February 6, 1947)

*Lane, Young & Fox* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the above-mentioned merchandise are the same in all material respects as those decided in *United States* v. *Wm. S. Pitcairn Corp.,* 33 C. C. P. A. (Customs) 183, C. A. D. 334, and that the record therein may be incorporated herein.

Upon the agreed facts I find the export value, as defined in section 402 (d), Tariff Act of 1930, to be the proper basis for determining the values of said merchandise, and that such values are the appraised values, less additions made by importer on entry because of advances by the appraiser in similar cases.

Judgment will be entered accordingly.

L. BAMBERGER & CO. *v.* UNITED STATES

No. 6850.—Invoices dated London, England, December 27, 1945, etc.
Certified December 27, 1945, etc.
Entered at Newark, N. J., January 22, 1946, etc.
Entry No. N-722, etc.

(Decided February 6, 1947)

*Strauss & Hedges* (*Hadley S. King* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the above-mentioned merchandise are the same in all material respects as those decided in *United States* v. *Wm. S. Pitcairn Corp.,* 33 C. C. P. A. (Customs) 183, C. A. D. 334, and that the record therein may be incorporated herein.

Upon the agreed facts I find the export value, as defined in section 402 (d), Tariff Act of 1930, to be the proper basis for determining the values of said merchandise, and that such values are the appraised values, less additions made by importer on entries because of advances by the appraiser in similar cases.

Judgment will be entered accordingly.

NEW YORK MERCHANDISE CO., INC. *v.* UNITED STATES

No. 6851.—Invoice dated Birmingham, England, March 12, 1946.
    Certified March 19, 1946.
    Entered at New York, N. Y., April 18, 1946.
    Entry No. 752481.

(Decided February 6, 1947)

*Siegel, Mandell & Davidson* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the above-mentioned merchandise are the same in all material respects as those decided in *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. (Customs) 183, C. A. D. 334, and that the record therein may be incorporated herein.

Upon the agreed facts I find the export value, as defined in section 402 (d), Tariff Act of 1930, to be the proper basis for determining the values of said merchandise, and that such values are the appraised values, less additions made by importer on entry because of advances by the appraiser in similar cases.

Judgment will be entered accordingly.

GUY B. BARHAM CO., FOR MILLAR & COE, INC. *v.* UNITED STATES

No. 6852.—Invoice dated Bovey Trace, Devon, England, January 14, 1941.
    Entered at Los Angeles, Calif., April 9, 1941.
    Entry No. 5140.

(Decided February 11, 1947)

*Lawrence, Tuttle & Harper (Frank L. Lawrence* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such value is the appraised value, less the so-called British purchase tax.

Judgment will be rendered accordingly.